UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COOLEY, INCORPORATED<br>Plaintiff,<br><br>v.<br><br>CARLISLE SYNTEC, INC., et al.,<br>Defendants. | C.A. No. 17-084-JJM-LDA |

## ORDER

This omnibus discovery order relates to the following discovery motions filed by each of the parties: Plaintiff's Motion to Compel Participation in Framing a Discovery Plan (ECF No. 52); Defendant Carisle's Motion to Quash Discovery (ECF No. 54); RMA Defendants' Motion to Compel Responses to Interrogatories (ECF No. 56); RMA Defendants' Motion for Entry of a Protective Order Concerning Confidential Information (ECF No. 62); RMA Defendants' Motion for Entry of a Protective Order Concerning Sequencing of Discovery (ECF No. 63); and Plaintiff's Motions to Compel (ECF Nos. 66, 67, 68).

1. Trial counsel for all of the parties shall meet in Rhode Island within the next 30 days to conduct an in-person conference at Plaintiff's counsel's offices pursuant to Fed. R. Civ. P. Rule 26(f) and in good faith negotiate a discovery plan that includes any necessary amendments to the existing scheduling order and is in compliance with this order.

2. Defendants shall file, *ex parte* under seal on CM/ECF, a disclosure with reasonable particularity of its trade secret formulas relevant to the Plaintiff's claims.

3. The deposition of John Greko, an employee of Defendant Carlisle SynTec, Inc., shall take place at a mutually agreed date and time before the Plaintiff is further required to disclose its trade secret(s) that is the basis of its claims in this action.

4. Once the deposition of Mr. Greko is concluded, Plaintiff shall disclose to the Defendants with reasonable particularity, pursuant to a protective order, the specific nature of the trade secret formula(s) that is the subject of its claims against the Defendants. If at any time after Plaintiff discloses its own trade secret, it seeks the disclosure of the Defendants' *ex parte* filing with the Court, it may file a motion seeking such disclosure.

5. Other than the disclosure of trade secret information set forth above, all discovery served or to be served shall be responded to in the usual course, in the order they were served, pursuant to the times set forth in the Federal Rules of Civil Procedure and no discovery is otherwise stayed.

6. Defendant Carlisle's Motion to Quash Discovery (ECF No. 54) is DENIED. The information sought by Cooley about Carlisle's KEE HP products is relevant and discoverable and must be produced pursuant to a protective order.

7. RMA Defendants' Motion to Compel Responses to Interrogatories (ECF No. 56) is DENIED AS MOOT.

8. RMA Defendants' Motion for Entry of a Protective Order Concerning Confidential Information (ECF No. 62) is GRANTED IN PART AND DENIED IN PART. The Protective Order proposed by the Plaintiff (ECF No., 70-2) shall enter.

9. RMA Defendants' Motion for Entry of a Protective Order Concerning Sequencing of Discovery (ECF No. 63) is DENIED except as set forth above.

10. In light of the above rulings, the Plaintiff's Motions to Compel (ECF Nos. 66, 67, 68) are DENIED AS MOOT.

11. Any and all other requests for relief are DENIED.

\* \* \*

In summary,

a. Plaintiff's Motion to Compel Participation in Framing a Discovery Plan (ECF No. 52) is GRANTED as set forth above;

b. Defendant Carisle's Motion to Quash Discovery (ECF No., 54) is DENIED;

c. RMA Defendants' Motion to Compel Responses to Interrogatories (ECF No. 56) is DENIED AS MOOT;

d. RMA Defendants' Motion for Entry of a Protective Order Concerning Confidential Information (ECF No. 62) is GRANTED IN PART AND DENIED IN PART;

e. RMA Defendants' Motion for Entry of a Protective Order Concerning Sequencing of Discovery (ECF No. 63) is DENIED EXCEPT AS SET FORTH IN THIS ORDER; and

f. Plaintiff's Motions to Compel (ECF Nos. 66, 67, 68) are DENIED AS MOOT.

IT IS SO ORDERED. 

John J. McConnell, Jr.
United States District Judge

November 6, 2017