UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Cooley, Incorporated
*Plaintiff*

v.                                                    C.A. No:      1:17-cv-00084-M-LDA

Carlisle SynTec, Inc.; Ronald Mark
Associates, Inc.; RMA Technologies, Inc.;
Flex Membrane International Corp.; Leslie J.
Satz, in his capacity as Chairman and President of     **ORAL ARGUMENT REQUESTED**
Ronald Mark Associates, Inc.; Michael Satz,
in his capacity as General Manager of
RMA Technologies, Inc.; John/Jane Does 1-3;
Doe Corporations 1-3.
*Defendants*

## PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL RMA DEFENDANTS' RULE 30(b)(6) DESIGNATION

### I.      INTRODUCTION

Plaintiff, Cooley, Incorporated in the above-captioned action and pursuant to Fed.R.Cv.P.

37(a)(3)(B)(ii) hereby moves this Honorable Court for an Order striking the RMA Defendants'

objections and compelling the RMA Defendants to designate one or more witnesses to testify to

the topics identified by the Plaintiff.  For the reasons set forth in greater detail below, the RMA's

objections are being used as a justification to delay designating a witness, hindering the Plaintiff

in its conduct of discovery, and is only delaying the resolution of the Plaintiff's claims, to the

substantial prejudice of the Plaintiff.

### II.      FACTS AND BACKGROUND

The facts and background of this case are well known to this Court.  Briefly, this is an

action alleging that the RMA Defendants misappropriated confidential and/or trade secret

information of the Plaintiff to their benefit and the detriment of the Plaintiff.  In order to further

pursue discovery into its claims, on September 28, 2017, the Plaintiff served the RMA

Defendants with a Notice to Take Deposition pursuant to Rule 30(b)(6) directed to the "person

1

most knowledgeable" related to a number of categories of information attached to the Notice. **Exhibit 1**, First Notice to Take Deposition. Between September 28, 2017 and December 12, 2017, the RMA Defendants did not object, did not designate a single witness, and did not provide any information whatsoever pursuant to its obligations under Rule 30(b)(6).

Having heard nothing, and seeking to further explore the issues in this case, on December 12, 2017 the Plaintiff issued an Amended Notice to Take 30(b)(6) Deposition noticed for February 6, 2018 at 10:00am. **Exhibit 2**, First Amended Notice to Take 30(b)(6) Deposition. Because no information had been forthcoming from the RMA Defendants, the deposition was noticed for Plaintiff's counsel's office pending the receipt of any information that would indicate an appropriate venue from the RMA Defendants. **Exhibit 2**.

In response to Plaintiff's First Amended Notice, the RMA Defendants served five objections on the bases of venue, time constraints, the use of the term "person most knowledgeable", discovery of confidential information out of sequence, and on the basis that Plaintiff was seeking "veil-piercing" discovery. **Exhibit 3**, RMA Defendants' Objection to First Amended Notice to Take 30(b)(6) Deposition.

On December 21, 2017, Plaintiff' counsel responded to the Objection indicating its willingness to select an appropriate location for the deposition and requesting the identity of any witnesses and their locations so that an appropriate venue could be determined. Plaintiff's counsel also responded to the Objection to the effect that the RMA Defendants' concerns were premature. **Exhibit 4**, Correspondence of December 21, 2017.

The parties conferenced the issue of the Rule 30(b)(6) Notice on Tuesday, December 6, 2017, and Plaintiff's counsel agreed to amend the Notice to address defense counsel's concerns about the language "person most knowledgeable". **Exhibit 5**, Email of December 6, 2017

(12:13pm). Plaintiff's counsel requested that the defense identify where the witnesses were to be produced so the location for the deposition could be determined. **Exhibit 5**.

In response, defense counsel again repeated their concerns about the language of "most knowledgeable" and based on that, refused to designate a witness. **Exhibit 6**, Email of December 26, 2017 (12:25pm). Defense counsel agreed that the deposition could be noticed for Plaintiff's counsel's office, subject to a later determination of a mutually agreeable venue. **Exhibit 6**.

One minute later, defense counsel set a three-page email again expressing concerns about the language "most knowledgeable" and "best situated", attempting to force the Plaintiff to agree to forego lines of questioning based on speculative concerns, and reiterating its concerns about "veil-piercing facts". **Exhibit 7**, Email of December 26, 2017 (12:26pm). Again, no witnesses were designated and no location was provided, notwithstanding that the initial Notice of Deposition was issued nearly three months prior. Plaintiff's counsel responded, again referencing the speculatively nature of defense counsel's concerns, and questioning the utility of litigating a term of art such as "person most knowledgeable". **Exhibit 8**, Correspondence of December 28, 2017.

Plaintiff's counsel issued a Second Amended Notice to Take 30(b)(6) Deposition on December 28, 2017. The Notice was directed to the officers, directors, managing agents, designated by the RMA Defendants as most knowledgeable and/or best situated to testify with respect to the Categories of Information attached to the Notice. **Exhibit 9**, Second Amended Notice to Take 30(b)(6) Deposition. In response, on December 28, 2017, the RMA counsel served another series of objections, however; did not designate a witness and did not identify a location for the deposition. **Exhibit 10**, RMA Defendants' Objection to Second Amended Notice

to Take 30(b)(6) Deposition. By that time, three months had passed since the initial Notice was issued.

At 6:13pm on December 28, 2017, defense counsel identified for the Plaintiff that no witness would be available because it was the "first day of the International Roofing Exposition held in New Orleans". **Exhibit 11**, Email of December 28, 2017 (6:13pm). No witnesses were identified, no location was provided, and no alternate dates were provided.

By correspondence dated January 12th, 2018, Plaintiff's counsel responded to RMA's request to reschedule the deposition again asking for dates and identification of witnesses. **Exhibit 12**, Correspondence of January 12, 2018. Shortly thereafter, on January 12, 2018, counsel for RMA and for the Plaintiff discussed RMA's Objections to Plaintiff's Rule 30(b)(6) notice in telephone conversation. Unfortunately, no agreement was reached except that RMA's counsel stated that he would get alternate dates for the deposition.

In a final effort to obtain the identity of RMA's witnesses dates for deposition, by correspondence of January 18, 2018, Plaintiff's counsel again asked the RMA Defendants to identify their witnesses and provide dates for their deposition. **Exhibit 13**, Correspondence of January 18, 2018.

Continuing to the present day, the RMA Defendants have not designated a single witness, have provided no information as to any suitable location for a deposition, and have not complied with its obligations under Rule 30(b)(6). Although the RMA Defendants will likely assert that they have attempted to discuss this in telephone conference on several occasions, the Plaintiff has attempted to address these issues on several occasions, to no avail. Furthermore, the objections raised by the Defendants are simply not sufficient bases to withhold designation of a witness or provide dates for a deposition.

### III.    APPLICABLE LAW

Rule 30(b)(6) in pertinent law provides that once a notice is directed to an organization, "[t]he named organization *must then designate one or more officers, directors, or managing agents or designate other persons who consent to testify on its behalf*, and it may set out the matters on which each person designated will testify." Fed.R.Civ.P. 30(b)(6) (*emphasis added*).

"The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person *who is best situated to answer questions about the matter*, or to make sure that the person selected to testify is able to respond regarding that matter". 8A Wright, Miller, Marcus, Federal Practice & Procedure, § 2103, at 454 (3d Ed. 2010) (emphasis added); Grahl v. Circle K Stores, Inc., 2017 U.S.Dist LEXIS 141190 at *7 (D.Nev. 2017) (*quoting*, Wright, Miller, Marcus, *supra*); First Mariner Bank v. Resolution Law Group, P.C., 2014 U.S. Dist. LEXIS 55379 at *41 (D.Md. 2014); (*quoting*, Wright, Miller, Marcus, *supra*); DSM Desotech, Inc. v. 3D Sys. Corp., 2011 U.S.Dist LEXIS 3292 at **4-5 (N.D.Ill. 2011) (*quoting*, Wright, Miller, Marcus, *supra*).

Leave of Court to take a 30(b)(6) deposition is not required except to the extent provided for under Rule 30(a)(2). The only requirements for a 30(b)(6) deposition notice is that the notice must describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). There is nothing in Rule 30 that permits a party to refuse to designate a witness when the deposition notice has specified with reasonable particularity the subject matters of testimony, and under Rule 30(c)(2), the only instance in which a deponent may be instructed not to answer a question is when necessary to preserve a privilege, enforce a limitation ordered by the court, or present a motion under Rule 30(d)(3). Fed.R.Civ.P. 30(c)(2).

## IV.   ARGUMENT

Here, the Plaintiff has designated the topics for deposition with reasonable particularity pursuant to Rule 30(b)(6).  The RMA Defendants do not identify any privilege that would preclude them from identifying any witness, and providing a location for the deposition.  The Defendants' concerns about the language "person most knowledgeable" or "best situated" are first, inaccurate, and second, not a basis for withholding identification of witnesses and provision of dates for deposition under Rule 30(b)(6). Implicit in Rule 30(b)(6) is a requirement that the responding party identify, produce and if necessary educate a witness best situated to respond to the topics in the notice. *See*, 8A Wright, Miller, Marcus, Federal Practice & Procedure, § 2103, at 454 (3d Ed. 2010).  With respect to the "person most knowledgeable", this is a term of art, used even by Courts. *See e.g.*, Singh v. Shonrock, 2017 U.S.Dist. LEXIS 25549 at **11-12 (D.Kan. 2017) (striking objections to 30(b)(6) topic and ordering defendant "to prepare and produce a 30(b)(6) witness most knowledgeable and prepared to discuss" the topic); Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D.Cal. 2005) (describing Rule 30(b)(6) as "provid[ing] for the deposition of the corporation by notice setting forth 'with reasonable particularity' the matters on the examination of the corporation's most knowledgeable person will take place").  Ultimately the designation is up to the Defendant.  However, the Defendant must still designate someone who is competent to testify to the topics identified in the notice, regardless of what term of art is used to describe the witness in the notice.

The Defendants' concerns that the questioning may involve what RMA vaguely defines as "confidential information out of sequence" is purely speculative, and to the extent counsel feels the questioning implicates disclosure of information subject to a court order, the proper time to raise that objection is in the course of the deposition. *See*, Fed.R.Cv.P. 30(c)(2).

The Defendants' concerns about "veil-piercing" have been addressed by the Plaintiff in connection with its Motion to Strike Objection and Compel More Responsive Answers to Interrogatories propounded to Leslie and Michael Satz. See, Doc. 94, at pp. 6-8. To summarize those arguments briefly, first, Plaintiff's counsel never disavowed any veil-piercing theory. Second, there is no need to plead a separate cause of action for "veil-piercing". *See*, Transcript, Hearing of July 26, 2017, 21:1-2; Vasquez v. Sportsmans Inn, Inc., 57 A.3d. 313, 321 (R.I. 2012) (*quoting*, 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 41.28 at 116-67 (2006); 18 Am.Jur. 2d. Corporations, §47 at 694-95 (2004); Verni *ex rel.* Burstein v. Harry M. Stevens, Inc., 903 A.2d. 475, 498, N.J. Super (2006).

Significantly, the only objection that the defense raises to the particularity issue is with respect to the topic of "enforcement of the October 26, 2007 agreement between Ronald Mark and Cooley." **Exhibit 9** at paragraph 18; **Exhibit 10** at paragraph 6.

The topic of the enforcement of the October 26, 2007 agreement between Ronald Mark and Cooley is sufficiently particular to put the defense on notice of the subject matter of questioning. The October 27, 2007 agreement forms the basis of the Plaintiff's allegation of breach of contract set forth in Count V of the Plaintiff's Amended Complaint. This agreement was signed on behalf of the RMA Defendants by defendant, Leslie Satz. The agreement provided specifically, that RMA had not been provided and would not solicit from Cooley's former employees any of Cooley's confidential information and trade secrets. This topic clearly puts the defense on notice that the issues to be explored with regards to that topic are related to the obligations to keep up the RMA Defendants' part of the bargain. It is alleged by the Plaintiff that because of the failure to keep up its part of the bargain, or put another way, to enforce its

obligations under the contract, the RMA Defendants are liable to the Plaintiff for the resulting misappropriation.

In summary, the RMA Defendants have failed to provide any bases whatsoever for failing to identify any witness to testify to any topic at any time in any location. This is a direct violation of Rule 30(b)(6), the result of which has been a significant loss of time and unreasonable delay.

## V.    CONCLUSION

For all the reasons set forth above, Plaintiff respectively requests this Court strike the objections raised by the Defendants, and compel them to designate a witness or witnesses.

I hereby certify that I have conferred or attempted to confer in good faith with opposing counsel in an effort to resolve the issues raised by the within motion prior to court intervention. (*See*, Exhibits 1-13).

**WHEREFORE**, the Plaintiff's Motion's should be granted.

<div style="margin-left:50%">

Cooley, Incorporated
By its Attorneys


/s/ *Per C. Vaage, Esq.*
Michael G. Sarli, Esq. (#2719)
Per C. Vaage, Esq.     (#7273)
Stephen J. Sypole, Esq. (#8833)
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI  02903
Phone: 401-274-6644 / Fax:  401-331-9304
mgs@gsm-law.com
pcv@gsm-law.com
ssypole@gsm-law.com

</div>

## REQUEST FOR ORAL ARGUMENT

Plaintiff, pursuant to L.R.Civ. 7(c) hereby requests oral argument and requests 30 minutes for argument.

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2018, a copy of the foregoing document was filed through the Court's CM/ECF system. Notice of this filing will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF):

Michael J. Lepizzera, Jr., Esq.
Lepizzera & Laprocina
117 Metro Center Boulevard, Suite 2001
Warwick, RI 02886
mlepizzera@leplap.com

William W. Flachsbart, Esq.
Michael R. La Porte, Esq.
Flachsbart & Greenspoon, LLC
333 N. Michigan Avenue, 27th Floor
Chicago, IL  60601-3901
wwf@fg-law.com
mrl@fg-law.com

Joel B. Rothman, Esq.
Schneider Rothman Intellectual Property Law
Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Joel.rothman@sriplaw.com

Preston H. Heard, Esq.
John G. Perry, Esq.
Womble Bond Dickinson, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Preston.heard@wbd-us.com
John.Perry@wbd-us.com

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtechentin@apslaw.com

Jonathan D. Sweet, Esq.
Sweet Law LLC
One Constitution Center
Boston, MA 02129
jon@attorneysweet.com

Ana J. Friedman, Esq.
Womble Bond Dickinson, LLP
One West Fourth Street
Winston-Salem, NC 27101
Ana.Friedman@wbd-us.com

/s/ Per C. Vaage