UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COOLEY, INCORPORATED,<br><br>            Plaintiff,<br><br>v<br><br>CARLISLE SYNTEC, INC. ET AL.,<br><br>            Defendants. | Civil Action No.: 1:17-cv-84-M-LDA<br><br>**JURY TRIAL DEMANDED** |

**Report of Planning Under Rule 26(f)**

Per Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule LR Cv 26(b) and this Court's November 6, 2017, Order (ECF No. 71), trial counsel for the Plaintiff, Cooley, Incorporated, the defendants Ronald Mark Associates, Inc., Flex Membrane International, Corp., Leslie Satz and Michael Satz (collectively "RMA") and the defendant Carlisle SynTec, Inc. met in person on November 30, 2017, at plaintiff's counsel's offices as ordered (with other counsel participating by telephone) to negotiate a discovery plan that includes any necessary amendments to the existing scheduling order (ECF No. 38).

With respect to each of the items noted in Rule 26(f) of the Federal Rules of Civil Procedure, the parties note as follows:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The parties agree that since discovery has been ongoing for months, compliance with Rule 26(a)(1)'s initial disclosure requirements should be waived.

(B) the subjects on which discovery may be needed, when discovery should be

completed, and whether discovery should be conducted in phases or be limited to or

focused on particular issues;

The parties agree that the current fact-discovery cut off should be extended to September 10, 2018. All discovery must be served by August 10, 2018. Expert discovery should be extended to October 10, 2018 for the Plaintiff's expert disclosures, and November 13, 2018 for the Defendants' expert disclosures.

With respect to the close of expert discovery the parties' respective proposals are set forth below:

Plaintiff's position is that expert discovery will be pursued diligently, however, until the parties have some idea of the number of experts involved in this litigation, the parties are unable to determine the appropriate cutoff date for expert depositions.

Defendants' position is that all expert depositions shall be completed by December 14, 2018.

The parties agree that by proposing discovery cut off dates in this report, they do not waive their right to request relief from any such deadlines should circumstances warrant.


(C) any issues about disclosure, discovery, or preservation of electronically stored

information, including the form or forms in which it should be produced;

The parties discussed the possibility of entering a separate ESI order and are currently circulating draft proposals among counsel.

(D) any issues about claims of privilege or of protection as trial-preparation materials,

including—if the parties agree on a procedure to assert these claims after

production—whether to ask the court to include their agreement in an

order under Federal Rule of Evidence 502;

The Court have already addressed many issues regarding privilege in the Protective Order entered on November 6, 2017 (ECF No. 72). The parties further agree that they should not be required to log as privileged or as work product any items created after this lawsuit was filed.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The parties do not believe that any limitations beyond those embodied in the rules are necessary.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

RMA consents to the Court's referral all discovery matters to the assigned Magistrate Judge (Lincoln D. Almond). Cooley believes that it is within the sole discretion and purview of the Court, and not the parties, to determine how matters arising from discovery should be handled by the Court.

Defendants' position is that dispositive motions shall be filed by January 14, 2019.

Plaintiff's position is that without a clear understanding of the extent of expert discovery, it is impracticable to set a deadline for dispositive motions at this time.

Submitted by:

/s/ Per C. Vaage, Esq.
Michael G. Sarli, Esq. (#2719)
Per C. Vaage, Esq.    (#7273)
Stephen J. Sypole, Esq. (#8833)
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
Phone: 401-274-6644 / Fax: 401-331-9304
mgs@gsm-law.com
pcv@gsm-law.com
ssypole@gsm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018, a copy of the foregoing document was filed through the Court's CM/ECF system. Notice of this filing will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF):

Michael J. Lepizzera, Jr., Esq.
Lepizzera & Laprocina
117 Metro Center Boulevard, Suite 2001
Warwick, RI 02886
mlepizzera@leplap.com

William W. Flachsbart, Esq.
Michael R. La Porte, Esq.
Flachsbart & Greenspoon, LLC
333 N. Michigan Avenue, 27th Floor
Chicago, IL 60601-3901
wwf@fg-law.com
mrl@fg-law.com

Joel B. Rothman, Esq.
Schneider Rothman Intellectual Property Law Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Joel.rothman@sriplaw.com

Preston H. Heard, Esq.
John G. Perry, Esq.
Womble Bond Dickinson, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Preston.heard@wbd-us.com
John.Perry@wbd-us.com

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtechentin@apslaw.com

Jonathan D. Sweet, Esq.
Sweet Law LLC
One Constitution Center
Boston, MA 02129
jon@attorneysweet.com

Ana J. Friedman, Esq.
Womble Bond Dickinson, LLP
One West Fourth Street
Winston-Salem, NC 27101
Ana.Friedman@wbd-us.com

/s/ Per C. Vaage