UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Cooley, Incorporated
*Plaintiff*

v.                                              C.A. No:      1:17-cv-00084-M-LDA

Carlisle SynTec, Inc.; Ronald Mark
Associates, Inc.; RMA Technologies, Inc.;
Flex Membrane International Corp.; Leslie J.
Satz, in his capacity as Chairman and President of          **ORAL ARGUMENT REQUESTED**
Ronald Mark Associates, Inc.; Michael Satz,
in his capacity as General Manager of
RMA Technologies, Inc.; John/Jane Does 1-3;
Doe Corporations 1-3.
*Defendants*

## PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO THE KEEPER OF RECORDS FOR COOL ROOF RATING COUNCIL, INC. AND FOR ORDER STAYING COMPLIANCE

Plaintiff, Cooley, Incorporated in the above-captioned action and pursuant to Fed.R.Civ.P. 45(d)(3)(B) hereby moves this Honorable Court for an Order quashing the Subpoena issued by the RMA Defendants to Non-Party, Cool Roof Rating Council, Inc. ("CRRC") **(Exhibit 1,** Subpoena), and staying CRRC's compliance until such time as the Court has ruled on the instant Motion.   As grounds for the instant motion, Plaintiff states that the Subpoena as served is overly broad in terms of the use of language such as "All documents referring to Cooley", "all testing data referring or related to" Cooley,  any of its products, Cooley's "C3", a prior OM Rating Authorization, and Lance Reed (Vice President, Technical Services at Cooley). **Exhibit 1,** Rider, ¶¶ 1, 2, 5, 9, 10.  Additionally, Plaintiff moves to quash the Subpoena as the materials sought are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and as drafted, would involve disclosure of confidential information of the Plaintiff, as well as potentially third parties.

According to its website, CRRC "was created in 1998 to develop accurate and credible methods for evaluating and labeling the solar reflectance and thermal emittance (radiative properties) of roofing products and to disseminate the information to all interested parties". *See,* http://coolroofs.org/.

This litigation has its genesis in an email from John Greko, the PVC product manager at Defendant Carlisle SynTec, Inc. which sought from Lance Reed at Cooley a CRRC F-15 form (OM to OM[1]).  **Exhibit 2**, Email of June 22, 2015-July 7, 2015; **Exhibit 3**, CRRC F-15 Form. According to Mr. Greko, this was necessary because "the material that we [Carlisle] still purchase from Flex/RMA was based on Cooley number brought over by Bill Kuhn [a former employee of Cooley]".  **Exhibit 2**, p. 4.  In response, Mr. Reed asked Mr. Greko to "confirm that RMA's Flex roofing uses the Cooley C3® PVC/KEE formulation such that Cooley's test data is applicable to RMA's product".  **Exhibit 2**, at p. 2.  Mr. Greko confirmed that this was indeed his understanding "according to Flex".  **Exhibit 2**, at p. 2.

This communication makes two things clear.  First, Carlisle was looking for a reflectivity rating for a product that it was purchasing from the Flex/RMA Defendants. Second, Flex/RMA told Carlisle that it was using Cooley's C3® formulation for this product.   These are two separate issues.  RMA appears to be attempting to muddy the waters by claiming that a prior OM Rating (form F-6) from 2005 (**Exhibit 4**) given to Carlisle, as a *seller* of Cooley product (as opposed to a private labeler), by Cooley as the manufacturer somehow leads to the conclusion that RMA was not using Cooley's formula, or that RMA had it all along.  That is not the purpose of CRRC reflectivity ratings, and the two forms are for different purposes in any event.

---

[1] "Other Manufacturer to Other Manufacturer".  This type of form would appear to be used to assign reflectivity values to a product in a situation where one entity (Flex/RMA, for example) was manufacturing a product for another entity, (Carlisle for example) whereby the other entity would sell the product under its own label (private label agreement).

On January 25, 2018, the RMA Defendants via email correspondence provided the parties with notice that they would be issuing subpoenas to *inter alia*, CRRC.  **Exhibit 5**, Email correspondence of January 25, 2018.  In pertinent part, the subpoena seeks the following:

1.) All documents referring to Cooley and/or Cooley, Incorporated ("Cooley"), including but not limited to written communications to and/or from Cooley or referring to Cooley and all testing data referring or related to Cooley or any of its products.

2.) All documents referring to "C3" or to CRRC Product ID 0792-0001.
   ***

5.) All documents referring or relating to the October 31, 2005 OM Rating Authorization form granting Carlisle permission to use the test results obtained by Cooley for its C3 White PVC (0792-001).
   ***

9.) All documents referring to Lance Reed including but not limited to written communications to or from Mr. Reed.

10.) All documents referring to Michael ("Mike") Wolkowicz regarding Cooley, Carlisle, and/or RMA, including but not limited to all written communications to or from Mr. Wolkowicz.

**Exhibit 1**, Rider, ¶¶ 1, 2, 5, 9, 10.

A copy of the subpoena and rider attached as **Exhibit 1** accompanied the email. RMA counsel provided notice on February 6, 2018 that the subpoena issued to CRRC had been served a full week earlier on January 30, 2018.  **Exhibit 6** Email correspondence of February 6, 2018; **Exhibit 7**, Affidavit of Process Server.   The Plaintiff's attempts to discuss the scope of the subpoena with opposing counsel have been refused.

Rule 45(d)(3)(B) provides that a Court may quash or modify a Subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information or requires disclosing an unretained expert's opinion or information that does not describe specific occurrences and disputes and results from the expert's study that was not requested by a party.  Fed.R.Civ.P. 45(d)(3)(B).

A party has a right to challenge a subpoena issued to a non-party where the party claims a personal right or privilege with respect to the documents requested in the subpoena. Crispin v. Christian Audigier, Inc., 717 F.Supp. 2d 965, 973 (C.D.Cal. 2010). Patrick Collins, Inc. v. Does 1-38, 941 F.Supp. 2d 153, 159-60 (D.Mass. 2013). "A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash[2]". Crispin, at 174. The party challenging a subpoena issued to a non-party need only have at least a minimal privacy interest in the materials sought. Patrick Collins, Inc., at 160 (*citing*, Malibu Media, LLC v. John Does 1-14, 2012 U.S. Dist. LEXIS 174384, 2012 WL 6115653, at *3). The subpoenaing party has the burden of establishing the requested information is relevant to its claims or defenses. See, Am Elec. Power Co. Inc. v. United States, 191 F.R.D. 132, 136 (S.D., Ohio, 1999); Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R., 2014).

In connection with considering a party's motion to quash a subpoena issued to a non-party, a Court has the inherent authority to stay the subpoenaed party's obligations to respond. *See*, In re Broiled Chicken Antitrust Litig., 2017 U.S. Dist LEXIS 187471 at *25 (E.D.Ill. 2017); Crispin v. Christian Audigier, Inc., 717 F.Supp. 2d at 969 n.10.

In this case, Cooley has an interest in the materials sought by the subpoena in that the subpoena, as currently worded, seeks discovery of materials submitted by Cooley to CRRC in confidence, and which have absolutely nothing at all to do with the claims or defenses in this matter. Instead, the subpoena as worded seeks discovery of every document provided by Cooley to CRRC for all time, and not limited to the product at issue in this case, Cooley's C3® roofing membrane. Additionally, the scope of the subpoena as it relates specifically to C3® is overly

---

[2] Plaintiff had initially put CRRC on notice of its objection to the subpoena, however has withdrawn that objection with the understanding of RMA's counsel that a Motion to Quash would be properly brought in this Court.

broad as it does not distinguish between categories of documents that actually have any bearing on the issues in this case, as opposed to irrelevant materials that are not reasonably calculated to lead to the discovery of admissible evidence on the issues of whether, when, and how the Defendants misappropriated the Plaintiff's formula, and the damages.  In short, the issue is the formula, and the proceeds derived by the Defendants by the sale of products using the Plaintiff's formula.

The issue is _not_ reflectivity, or whether Cooley ever asked for a reflectivity rating from CRRC or granted Carlisle permission to use its ratings (as a seller as opposed to a private labeler or manufacturer).   Consequently, there is no reason for the Defendants to go searching for documents submitted by Cooley to CRRC that have nothing to do with the issues in this case, except to inject confusion into the issues in this case.

Furthermore, there is no reason for the Defendants to seek "all documents referring to Lance Reed".  This is overly broad and has no bearing on the issues in this case.  Whether and to what extent Mr. Reed's name appears on documents is not reasonable calculated to lead to the discovery of admissible evidence on the issues of the trade secret status of the formula for C3®, misappropriation thereof, and damages to the Plaintiff.

Finally, it is not clear who "Mike" Wolkowicz is, or what relationship any documents "referring to" him "regarding Cooley" have anything to do with the issues in this case. Regardless of any tangential relevance, it is not clear what reasonably calculated value in terms of the discovery of admissible evidence CRRC's records "referring to" Mr. Wolkowicz from Cooley or "regarding Cooley" have.

**WHEREFORE**, Plaintiff's Motion should be GRANTED.

Cooley, Incorporated
By its Attorneys


/s/ *Per C. Vaage, Esq.*
Michael G. Sarli, Esq. (#2719)
Per C. Vaage, Esq.    (#7273)
Stephen J. Sypole, Esq. (#8833)
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI  02903
Phone: 401-274-6644 / Fax:  401-331-9304
mgs@gsm-law.com
pcv@gsm-law.com
ssypole@gsm-law.com

## REQUEST FOR ORAL ARGUMENT

Plaintiff, pursuant to L.R.Civ. 7(c) hereby requests oral argument and requests 30 minutes for argument.

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2018, a copy of the foregoing document was filed through the Court's CM/ECF system.  Notice of this filing will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF):

William W. Flachsbart, Esq.
Michael R. La Porte, Esq.
Flachsbart & Greenspoon, LLC
333 N. Michigan Avenue, 27th Floor
Chicago, IL  60601-3901
wwf@fg-law.com
mrl@fg-law.com

Joel B. Rothman, Esq.
Schneider Rothman Intellectual Property
Law
Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Joel.rothman@sriplaw.com

Preston H. Heard, Esq.
John G. Perry, Esq.
Womble Bond Dickinson, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Preston.heard@wbd-us.com
John.Perry@wbd-us.com

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtechentin@apslaw.com

Jonathan D. Sweet, Esq.
Sweet Law LLC
One Constitution Center
Boston, MA 02129
jon@attorneysweet.com

Ana J. Friedman, Esq.
Womble Bond Dickinson, LLP
One West Fourth Street
Winston-Salem, NC 27101
Ana.Friedman@wbd-us.com

*/s/ Per C. Vaage*

  I hereby certify that on _____, **2018**, a copy of the foregoing document was filed through the Court's CM/ECF system.  Notice of this filing will be sent electronically to the following individual:

Cool Roof Rating Council, Inc.
c/o Elinam Renner
Corporation Service Company
7 St. Paul Street, Suite 820
Baltimore, MD  21202
Elinam.renner@cscglobal.com

*/s/ Per C. Vaage*