UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Cooley, Incorporated
*Plaintiff*

v.

C.A. No: 1:17-cv-00084-M-LDA

Carlisle SynTec, Inc.; Ronald Mark
Associates, Inc.; RMA Technologies, Inc.;
Flex Membrane International Corp.; Leslie J.
Satz, in his capacity as Chairman and President of
Ronald Mark Associates, Inc.; Michael Satz,
in his capacity as General Manager of
RMA Technologies, Inc.; John/Jane Does 1-3;
Doe Corporations 1-3.
*Defendants*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MATERIALS *EX PARTE* OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME *NUNC PRO TUNC*

Plaintiff, Cooley, Inc., in the above-captioned action hereby moves this Honorable Court for an order pursuant to L.R.Gen 102(a)(4) for leave to file materials responsive to the RMA Defendant's Second Request for Production of Documents, No. 16 with the Court *ex parte* pending a determination of the Plaintiff's Objection to the Magistrate Judge's text Order dated May 1, 2018 compelling production of materials related to Cooley's profits from the sales of its C3 PVC/KEE roofing membranes. In the alternative, the Plaintiff respectfully requests this Court grant Plaintiff and extension of time pursuant to Fed.R.Civ.P. 6(b)(1)(B) *nunc pro tunc* to May 22, 2018 to provide responsive materials until such time as the Court has ruled on Plaintiff's Objection.

As grounds for the instant Motion, Plaintiff states that on May 1, 2018, Magistrate Judge Almond granted the RMA Defendants' Motion to Compel records related Cooley's profits from the sales of C3 (Doc. 151), notwithstanding that Cooley (consistent with its prior responses) had expressly stated that because Cooley was not claiming its own lost profits as the measure of

1

damages under the Rhode Island Uniform Trade Secrets Act, Cooley's profits were irrelevant. Plaintiff timely filed an Objection to the Magistrate Judge's Order pursuant to Fed.R.Civ.P. 72(a) on May 15, 2018. (Doc. 167).

Counsel for Cooley and RMA conferenced the issue of Cooley's compliance with the Order of May 1, 2018 on May 23rd, 2018, at which time counsel for RMA was advised that responsive materials were being sought. Cooley provided a supplemental response to RMA's Second Request for Production of Documents, No. 16 that afternoon stating that it was in the process of identifying and locating materials responsive to the Court's Order. Responsive materials have since been received, however, in light of Cooley's position on their relevance, the sensitive nature of the materials, and the pending Objection to the Magistrate Judge's Order, Plaintiff respectfully requests that it be allowed to submit the materials to the Court *ex parte* pending a determination of the merits of Plaintiff's Objection.

Counsel for RMA has threatened to move for contempt against Cooley for not producing records pursuant to Magistrate Judge Almond's May 1, 2018 order, notwithstanding the fact that Plaintiff had filed an objection to the order. As a result, Plaintiff has been put in the impossible position of producing highly sensitive confidential materials of disputed relevance or facing contempt. Plaintiff believes in good faith that production of these materials in light of the pending objection is premature, and given the fact that Cooley is not putting its profits into controversy, disclosure of this information (for which Confidential-Attorneys' Eyes Only designation is appropriate pursuant to this Court's Protective Order of November 6, 2017 (Doc. 72)) to the defense prior to the Court's determination would be unfairly prejudicial.

Plaintiff is in receipt of responsive materials in the form of a spreadsheet detailing revenues, margins, and percent net profits for fiscal years 2008 to 2018, however, respectfully

requests leave to file these materials *ex parte* with the Court pending a determination of the merits of Plaintiff's Objection to the Magistrate Judge's Order. This form of relief is consistent with this Court's prior practice as concerns highly sensitive discovery. In particular, on November 6, 2017, in response to the RMA Defendants' Motion for Protective Order Governing Sequencing of Discovery, this Court ordered that "Defendants shall file, *ex parte*, under seal on CM/ECF, a disclosure with reasonable particularity of its trade secret formulas relevant to the Plaintiff's claims" pending the deposition of John Greko of Carlisle Syntec, Inc. *See*, Doc. 71, ¶¶ 2-4.

Here, filing the materials in controversy with the Court contingent upon the outcome of the Court's review of Plaintiff's Objection to the Magistrate Judge's Order is consistent with prior practice. In each case, the discoverable nature of the materials at issue turns upon a determination by the Court of their relevance to these proceedings. That is precisely the issue before the Court in connection with Plaintiff's Objection, and Plaintiff respectfully requests its Motion be granted.

In the alternative, Rule 6(b)(1)(B) provides that the Court may, for good cause shown, extend the time to act if the time has expired for "excusable neglect". Fed.R.Civ.P. 6(b)(1)(B). In this case, Plaintiff has timely filed its Objection to the Magistrate Judge's Order, and based on the nature of the materials ordered produced, and Cooley's position on their relevance, Cooley reasonably and in good faith believed that would operate to relieve it of its obligation to produce the materials. Plaintiff is aware of a body of case law that suggests that Objections to Magistrate Orders do not in all cases automatically stay a party's obligations, however, no authority exists in this District to support that argument. At least one Court has recognized that Rule 72 is "silent as to whether a party's duty to comply with the magistrate's order is automatically stayed pending

final review by the district court of that party's objections". Williams v. Texaco, 165 B.R. 662, 673 (D.N.M. 1994). Additionally, this District does not appear to have taken a position on the issue. As Wright and Miller have noted, "[t]here may . . . be circumstances in which the burden of compliance with the order would be so onerous that the district judge will be justified in concluding that the pendency of an objection excused compliance." 7 (Part 2) Moore's Federal Practice, § 72.03[6.-12] at 72-54.

Additionally, the circumstances under which Courts have declined to extend an automatic stay are much different than those here. *See*, Herskowitz v. Charney, 1995 U.S. Dist. LEXIS 2681, 1995 WL 104007 at *3 (S.D.N.Y. 1996) (express language in Magistrate's Order that appeal did not stay compliance); National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991) (same); Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989) (citing concerns of "frivolous appeals"); Williams v. Texaco, 165 B.R. 662, 673 (D.N.M. 1994) (recognizing Rule 72's silence on the issue, that the issue was addressed by some jurisdictions by local rule, and recognizing Litton's concerns of "frivolous appeals"); Zhou Jie Plant v. Merrifield Town Ctr. Ltd. P'ship, 711 F. Supp. 2d 576, 584 (E.D.Va. 2010) (Local Rule provided that filing objection did not automatically stay order).

Here, there is no local rule addressing the staying effect of party's objection, this Court does not appear to have ever passed on the issue, there has been no expressed concern that Plaintiff's Objection is somehow "frivolous", Plaintiff has obtained the responsive materials, there has been no history in this case of the Plaintiff making such objections, and because Rule 72 is silent on the issue, any neglect on the part of the Plaintiff to timely respond is excusable, and as such to the extent the Court is not inclined to accept the responsive materials on an *ex*

*parte* basis, the deadline to provide these materials should be extended *nunc pro tunc* to May 22, 2018 until such time as the Court has ruled on Plaintiff's Objection.

**WHEREFORE,** Plaintiff's Motion should be granted.

Cooley, Incorporated
By its Attorneys,

*/s/ Per C. Vaage Esq.*
Per C. Vaage, Esq.     (#7273)
Michael G. Sarli, Esq. (#2719)
Stephen J. Sypole, Esq. (#8833)
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI  02903
Phone: 401-274-6644 / Fax:  401-331-9304
pcv@gsm-law.com
mgs@gsm-law.com
ssypole@gsm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 25, 2018**, a copy of the foregoing document was filed through the Court's CM/ECF system. Notice of this filing will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing (NEF):

William W. Flachsbart, Esq.
Michael R. La Porte, Esq.
Flachsbart & Greenspoon, LLC
333 N. Michigan Avenue, 27th Floor
Chicago, IL  60601-3901
wwf@fg-law.com
mrl@fg-law.com

Joel B. Rothman, Esq.
Schneider Rothman Intellectual Property Law Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Joel.rothman@sriplaw.com

Ana J. Friedman, Esq.
Womble Bond Dickinson, LLP
One West Fourth Street
Winston-Salem, NC 27101
Ana.Friedman@wbd-us.com

Preston H. Heard, Esq.
John G. Perry, Esq.
Womble Bond Dickinson, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Preston.heard@wbd-us.com
John.Perry@wbd-us.com

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtechentin@apslaw.com

Jonathan D. Sweet, Esq.
Sweet Law LLC
One Constitution Center
Boston, MA 02129
jon@attorneysweet.com

                                                                    */s/ Per C. Vaage*